THE STATE v. JOHN HALL ET AL.

On *Certiorari.* Matter of Highway.

Proof that notice of the time and place of meetings of Surveyors to lay out a road, was legally given, must be made before them or a majority of them,

Proof of such notice made before the only two of them who met at the time and place appointed and adjourned to another day, is insufficient.

*Hartwell* for plaintiff.

*Thomson* for Hall.

NEVIUS, J. The writ in this case, is directed to the Hunterdon Pleas, to send up the application, appointment, and the return of surveyors appointed to lay out a public road in the township of Readington, in said county of Hunterdon.

The first reason urged for setting aside this return, is that the surveyors had no proof before them that legal notice was given of the time and place of their meeting. The statute provides that a copy of their appointment shall be served on each of the surveyors, at least six days prior to their meeting, and that twelve days prior to said meeting, advertisements setting forth the time and place of meeting agreeably to the directions of the court and designating the points or places from and to which the proposed road is to be laid out, shall be set up at three of the most public places in the township; and that the said surveyors or a majority of them when met, on due proof being made to them that such advertisements have been set up according to law, on which they shall decide, and their decision shall be final and conclusive, shall view the premises &c. These preliminary steps are necessary to give to the surveyors authority to act, and unless complied with, their proceedings are nugatory. The proof is to be made before the surveyors or a majority of them, and their decision as to the proof, that is, the decision of the majority, is to be conclusive. The decision of one or two of the surveyors as to the proof of notice, will not be a compliance with the act.

The return in this case, which is signed by four of the surveyors, sets forth that Bergen Davis and David O. Cole, two of the surveyors appointed, met at the place directed by the court, on the 1st day of June, the time mentioned in the order of appointment, and after waiting until twelve o'clock, and no others of the surveyors appointed appearing, and there being due proof made to *us* that legal notice had been given of the time and place of meeting, did adjourn until the 15th day of June, to meet at the

The State v. Hall et al.

same place, and that on the adjourned day, all the surveyors appointed, met pursuant to adjournment, having due notice thereof, and having viewed the premises and heard &c. It appears from this return, that the proof of the advertisements of the meeting, if any proof was made, was before two only of the surveyors, and that the decision upon the question of due proof, was not made by a majority of the surveyors, as required by the act. This alone would be a fatal objection to the return, for the surveyors who have signed the return, have not certified that such proof was made before them, but only before one of them and another, to wit, Bergen Davis who has not signed the return at all. But it is denied, that any proof whatever, was made at any time, either of the service of a copy of the appointment, upon the surveyors, or the setting up of the notices. And upon a rule granted for that purpose, it is proved by the affidavit of Davis, one of the surveyors who was present at the first meeting, that no proof was offered before him or Cole the other surveyor who was present, except that a person by the name of Large, said he had put up the notices according to law, and had made oath to that effect before some justice, some ten miles distant. And John Walton, another of the surveyors, swears that he had no notice of the meeting on the first of June. The return refers to no other proof of these essential requisites, at any other time, nor is it pretended that any was made before the surveyors at their adjourned meeting on the 15th of June. Without looking further into the other reasons assigned, let the return be set aside.

HORNBLOWER, C. J. and FORD, WHITE, and DAYTON, Justices concurred.

*Return set aside.*